# THE CHAVEZ-FREED LAW OFFICE

2600 North 3rd St., 2nd Floor  Leticia C. Chavez-Freed, Esq.
Harrisburg, PA 17110  Pa. Bar No. 323615
(717) 893-5698  leticia@chavez-freedlaw.com

January 16, 2025

**VIA ECF**

The Honorable Jennifer P. Wilson
Sylvia H. Rambo United States Courthouse
1501 N. 6th Street
Harrisburg, PA 17102

Re: *Watkins v. Howell, et. al.*, 1:25-cv-00495-JPW

Dear Judge Wilson:

Please accept this letter submission regarding a discovery dispute in the above referenced matter, in conformance with your Honor's rules.

As background, on October 10, 2025 Plaintiff served an FRCP R. 45 subpoena *duces tecum* on non-party City of Harrisburg Bureau of Police ("HBP"). City Solicitor Attorney Neil Grover accepted service of the subpoena. Plaintiff's subpoena demanded production, among other things and as specifically relevant here, of (i) policies regarding the use by HBP officers of OC Spray (colloquially, "pepper spray"); (ii) body-worn camera footage of the defendant officers, and; (iii) HBP Internal Affairs documents and records relevant to the defendant officers. Plaintiff's Complaint alleges that Defendant Officer Howell sprayed him directly in the face from a distance of five feet without warning or legal justification (*See*, Doc. 1 at ¶¶ 39-49) and that Defendant Officers Howell, Restrepo and additional John Doe Officers subjected him to excessive force. (*Id*. ¶¶ 83, 85-86.) The

1

documents and other materials demanded in the subpoena are thus clearly relevant to the allegations in Plaintiff's Complaint.

On November 14, 2025, the HBP produced certain redacted documents and a Privilege Log. HBP did not produce any body-worn camera footage or Internal Affairs documents, and HBP redacted the entirety of HBP General Order 22-79 "Employment of Oleoresin Capsicum Policy" [hereinafter OC Policy"], such that, as a practical matter, it effectively refused to produce that Policy. HBP's Privilege Log asserted "Confidential/Restricted/Officer Safety" as the grounds on which it redacted the entirety of the OC Policy. (*See* Attachment 1 hereto.)

HBP's Privilege Log did not claim any privilege to explain its failure to produce the body worn camera footage or the absence of Internal Affairs documents form the production.  Based on the absence from the production of the IA documents, and the lack of a claimed privilege for those documents, Plaintiff presumed at that time that no responsive Internal Affairs documents existed.

Regarding the body worn camera footage, counsel for Defendants Howell and Restrepo informed Plaintiff orally that HBP had asked him to retain a vendor to edit the body worn camera footage, to protect the privacy of non-party civilians whose arrests appear on the footage, who might not want that footage made public.

After attempts to resolve these issues informally through Defendants' counsel proved fruitless, Plaintiff objected to the HBP directly in writing on January 2, 2026 regarding the several deficiencies in HBP's production. (*See* Attachment 2 hereto.)  First, Plaintiff pointed out the footage was recorded on a public street and that there is no expectation of privacy on a public street. "What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." *United States v. Manigault*, 2024 WL 4298144, at *5 (3d Cir. Sept. 26, 2024) quoting Katz v. United States, 389 U.S. 347, 349 (1967).   Second, with regard to the OC Policy, Plaintiff pointed out that

none of "Confidential/Restricted/Officer Safety" are privileges under the Federal Rules and that in light of the allegations in the Complaint, the HBP General Order governing the use of OC spray is patently relevant and discoverable and will be admissible at trial. Plaintiff did not object in his January 2, 2026 letter to the absence from HBP's production and Privilege Log of responsive Internal Affairs documents because he had no basis, at that time, to know such documents existed.

City Solicitor Attorney Grover responded on behalf of the HBP January 2, 2026 (*See* Attachment 3 hereto), stating that: (i) "it was NOT [emphasis in original] the City's intention to suggest there are privileges in the" Privilege Log provided by the City, and; (ii) "Internal Affairs documents were NOT [emphasis in original] part of the production, as those are consistently not produced short of a Court Order." Prior to the City's representation that IA documents were intentionally withheld, Plaintiff was unaware such responsive documents existed, as no privilege had been claimed as a basis for their absence from the City's production. Finally, with regard to the OC Policy (and other documents) the City responded only, "[i]n terms of redacted information, that will be a question for the Court to decide."

On January 7, 2026, counsel for Defendants further responded on behalf of the HBP (*See* Attachment 4 hereto), stating with regard to body worn camera footage that HBP "seeks to protect the identities of individuals who might be depicted on the BWC video while being placed under arrest/taken into custody" but providing no response to Plaintiff's cited legal authorities or other legal basis. (*Id.*, at 1.) With regard to the OC Policy, the January 7 response stated only: "This is not a document that is made available to the public for officer safety. I am not authorized to produce this General Order." (*Id.*, at 4.) Regarding IA records, the response stated "as outlined by Solicitor Grover, the Bureau of Police is willing to provide copies to the Court for an *in camera* review." The response gave no legal reason for or authority for HBP's blanket refusal to produce the documents.

3

Plaintiff responded again on January 8, 2026 (*See* Attachment 5 hereto). Plaintiff pointed out that "'broadside invocations' and 'wholesale claims' of privilege" such as asserted with regard to the IA documents "are unsatisfactory" under well established law. *Groark v. Timek*, 989 F. Supp. 2d 378, 391 (D.N.J. 2013) (compelling production of Internal Affair records in § 1983 case and quoting *United States v. O'Neill*, 619 F.2d 222, 225-227 (3d Cir.1980).) Plaintiff pointed out also that "[t]he deliberative process privilege is generally inapplicable to the defendants' personnel files and to their internal affairs files, complaints, and disciplinary reports." *Hughes v. Herbster*, 2021 WL 4123977, at *3 (M.D. Pa. Sept. 9, 2021) citing *Reid v. Cumberland Cty.*, 34 F. Supp. 3d 396, 410 (D.N.J. 2013) (the "privilege applies in the limited situation where the documents at issue contribute to the formulation of important public policy or new law.")

On January 12, 2026, counsel for Defendants again replied on behalf HBP regarding the IA documents (*see* Attachment 6 hereto), stating "I believe the executive process privilege and the deliberative process privilege apply. Again, speaking only from experience, the Court will review the documents *in camera* and issue an order." HBP again provided no legal authority to support these positions.

To support claims "of executive privilege at least three requirements must be satisfied. The head of the agency claiming the privilege must personally review the material, there must be a specific designation and description of the documents claimed to be privileged, and there must be precise and certain reasons for preserving the confidentiality of the communications. Usually such claims must be raised by affidavit." *United States v. O'Neill*, 619 F.2d 222, 226 (3d Cir. 1980) (internal quotations omitted); *see also*, *Perez v. Borough of Berwick*, 2009 WL 10719094, at *3 (M.D. Pa. Sept. 16, 2009) (same, quoting *O'Neill*, denying application of privilege because movant "has not properly supported his assertion of the deliberative process privilege, [so] the Court cannot properly evaluate its

4

application. No affidavit was provided in connection with the assertion of the privilege." at *3, fn.2.)  Here, (i) no affidavit was provided; (ii) each of HBP's responses makes clear that no review of IA documents was performed by anyone, much less the head of HBP, and; (iii) no "precise and certain reasons for preserving the confidentiality" of the IA documents have been provided.  Indeed, in its Privilege Log and production, HBP did not even reveal that the documents exist.

   Counsel for Plaintiff and counsel for Defendants (on behalf of HBP) met and conferred by telephone on January 13, 2026.  Plaintiff offered to execute a Confidentiality Agreement and accept the body worn camera footage with the faces of non-party arrestees blurred.  Counsel for Defendants agreed to recommend to the City that it produce the OC Policy pursuant to an executed Confidentiality Agreement and agreed to provide an answer to Plaintiff by close of business on January 15, 2026.  Counsel for Defendants stated that the City would file a motion for Protective Order with regard to the IA documents.  Counsel for Defendants provided no legal authority or support for any of the City's positions. (*See* Attachment 7.)

   As of the close of business on January 15, 2026, Plaintiff received no response from HBP regarding the tentative agreements reached during the January 13 meet and confer telephone call.  The deadline to present discovery disputes to the Court is today, January 16, 2026. (Doc. 23.)

   At 12:18pm on January 16, 2026, counsel for Defendant emailed the undersigned a proposed Confidentiality Agreement. (*See* Attachment 8.) Earlier this morning, Plaintiff's counsel had entered into consultation with a client at a State Correctional Institution and thereafter had no access to email until 3:25pm.

   In any event, HBP's proposed Agreement can not resolve this discovery dispute.  Most notably, it is unacceptable to Plaintiff because the definition of "Confidential Documents" which the City would release under the Agreement is

5

limited to documents listed on HBP's Privilege Log. That definition excludes both the body-worn camera video and the IA documents. Moreover, HBP's proposed Agreement requires Plaintiff to agree and stipulate "that the Confidential Documents contain confidential and/or proprietary information, the disclosure of which would cause harm to the Bureau of Police and/or the City and/or the individual Defendant(s)." (*Id.*, at 2.) Plaintiff in fact agrees to no such thing. Plaintiff objects also to other provisions in the proposed Agreement.

Plaintiff believes this discovery dispute is now ripe for this Court's consideration. Accordingly, Plaintiff respectfully requests that the Court schedule a telephone conference, refer this discovery dispute to a Magistrate Judge, or take other action as the Court deems appropriate.

Respectfully Submitted,

/s/Leticia C. Chavez-Freed, Esq.

The Chavez-Freed Law Office
PA Bar ID 323615
2600 N. 3rd Street, 2nd Floor
Harrisburg, PA. 17110
leticia@chavez-freedlaw.com
Ph: (717) 893-5698
*Counsel for Plaintiff*

6