# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Travis Watkins, | : | |
| Plaintiff | : | |
| | : | Civil Action No. 1:25-cv-00495 |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| Police Officer Marc Howell, | : | |
| Police Officer Esteban Restrepo, | : | |
| Harrisburg Police Department | : | |
| Officer John Doe #1, Officer John | : | |
| Doe #2, | : | |
| Defendants | : | |

## STIPULATION AND PROTECTIVE AGREEMENT GOVERNING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION OF THE CITY OF HARRISBURG

Plaintiff served on non-party City of Harrisburg ("the City") a third-party subpoena requesting production of certain records and/or categories of records of the City and non-party Harrisburg Bureau of Police ("Bureau of Police"). More specifically, the Plaintiff requested production of certain policies, procedures, training documents, portions of personnel files, photographs, videos, and investigation materials, if any such listed items exist.

The City produced documents in this matter in response to the subpoena and identified additional documents through a Privilege Log, which notated items the City deems privileged, non-responsive, propriety, and otherwise subject to one or more objections. The City has not produced documents cited in the Privilege Log

1

which it asserts are privileged, non-responsive, proprietary, and otherwise subject to one or more objections, except for responsive records that have been subject to partial redaction. The City did not produce Internal Affairs records.  The City did not produce Body Worn Camera footage from the named Defendants related to Plaintiff's arrest.

The parties each submitted letters to the Court regarding this dispute.  A conference regarding these matters was held on January 28, 2026.  The Court issued an Order on the same date.  The terms of this Agreement are in accordance with that Order.

To resolve disputes over the production of the records listed in the Privilege Log as well as Internal Affairs documents and Body Worn Camera footage from the named Defendants related to the Plaintiff's arrest, the parties hereby agree and stipulate that (i) the items identified on the Privilege Log and (ii) the video from the Body Worn Camera of the named Defendants related to Plaintiff's arrest shall be hereinafter referred to collectively as "Confidential Documents."  Any future document production, shall, when necessary, also identify documents as "Confidential Documents".  The City and the Bureau of Police wish to protect against the disclosure and dissemination of such Confidential information to unauthorize third parties, or the public at large.

THEREFORE, the parties agree

1.      Within ten (10) business days of the execution of this Agreement the City shall produce the Confidential Documents subject to the following terms.

2.      The following provisions of this Confidentiality Stipulation and Protective Agreement will govern the handling of the Confidential Documents and any future documents identified as Confidential Documents throughout the proceedings in this action including discovery, mediation, hearing, and any appeal.

3.      Each page of the Confidential Documents will be marked "Confidential."

4.      The Confidential Documents or any part of them may be used only in connection with this action, and not for any other purpose.  Likewise, the information contained in the Confidential Documents shall be preserved and not disclosed. Further, neither the Confidential  Documents nor any information contained in the Confidential  Documents may be disclosed to anyone except as provided in this Confidentiality Stipulation and Protective Agreement.

5.      The Confidential Documents and any copies or excerpts of them may be made available only to the following:

   a.      Counsel of record for the receiving party engaged in the proceedings to this action and their employees and the parties to this action;

   b.      The Court in this proceeding, including all of its legal and

clerical personnel, or any judicial body before which this action is subsequently pending;

c.     Experts or consultants retained to assist in this litigation;

d.     Representatives of the parties to this action who are actively involved in assisting counsel and who agree, by signing an acknowledgment as provided for in the following section of this order, to use the information solely for this action; and

e.     Any other person mutually agreed to in writing by the parties and who agrees to use the information solely for this action.

6.     Each person falling within categories 5c, 5d, and 5e to whom the Confidential Documents are given, shown, made available, or communicated by an adverse party must first be provided with a copy of this Confidentiality Stipulation and Protective Agreement for review and must sign an Agreement, attached to this Confidentiality Stipulation/Agreement as **Exhibit A**, not to disclose or to use such information except in accordance with the terms of this Confidentiality Stipulation and Protective Agreement.  Counsel of record for each party shall maintain a file of all respective agreements signed by persons who have received or reviewed the Confidential Documents. This file shall, upon reasonable request, be available for inspection by counsel of record for the other parties to this Stipulation/Agreement.

4

7.      Before disclosure is made to persons in category 5e, counsel for the party to which the Confidential Documents are produced must provide advance notice to the other parties to this Stipulation and Protective Agreement of its intent to disclose before disclosing the Confidential Documents or their contents.  The parties agree that any person described in category 6d shall be bound by the same disclosure restrictions as agreed to by the parties and counsel for the parties.

8.      The use of the Confidential Documents at a hearing or trial shall be subject to such Order as the Court may, at the time, issue to preserve the confidentiality of the material involved after due notice and the opportunity to be heard has been given to the producing party.  The parties likewise stipulate that if any party determines it is necessary to include a document(s) identified as Confidential in any motion or other filing, that party will file a motion to seal Confidential information contained in the Confidential Documents, and the remaining parties will concur in the moving party's motion to file the document(s) under seal.

8.1  Timing of Challenges. A Challenging Party may challenge a designation of confidentiality at any time, unless a prompt challenge to a confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation.  The Challenging Party shall challenge such designation as specified in Paragraph 8.2

below and the Designating Party may oppose such challenges only as specified in Paragraph 8.2.

8.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with Paragraph 8.2 of this Confidentiality Stipulation and Protective Agreement. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly by phone or in person within ten (10) business days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper.  Within seven (7) business days of the telephone or in person conference at which such basis is presented, the Designating Party may review the designated material, reconsider the circumstances, and, respond to the Challenging Party.  If the Designating Party declines to agree to a change in designation, it will explain the basis for its rejection of the challenge in writing within seven (7) business days of such telephone or in person conference. The Designating Party failure to respond within seven (7) business days of such conference will be deemed to constitute, and shall be immediately effective as, consent to the challenge.  The Challenging Party may proceed to the next stage of

6

the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in accordance with the provisions of this Paragraph 8.2.

8.3 Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Challenging Party may contact the Court to request a telephone conference within fourteen (14) business days of the initial notice of challenge or fourteen (14) business days of the Parties' telephone or in person conference at which the basis for the challenge is presented, whichever is earlier. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Frivolous arguments in opposition to a challenge, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. Paragraphs 4, 5, 6, 7, 8 and 10 of this Agreement shall continue in full force and effect with respect to the challenged material until the Court rules on the challenge.

9.    When any Confidential Information is included in any authorized transcript of a deposition or the exhibits thereto, arrangements shall be made by the party noticing the deposition with the court reporter taking the deposition to bind

that portion of the transcript and label that portion of the transcript "CONFIDENTIAL."

10.    This Confidentiality Stipulation and Protective Agreement and any ruling of the Court pertaining to challenges shall continue to be in effect after the end of the litigation of this matter. The parties further agree that the return or destruction of any confidential documents shall be done in accordance with the Pennsylvania Rules of Professional Conduct.

11.    This Confidentiality Stipulation and Protective Agreement may be modified only by Court Order or by written agreement of the parties.

12.    The production of any material, subject to the terms of this Confidentiality Stipulation and Protective Agreement, including documents, video, or photographs, does not prohibit any party to this action from challenging the admissibility of any material produced on a basis other than authenticity.


[THIS SPACE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the parties by their undersigned counsel have executed this Confidentiality Stipulation/Agreement as of March 10, 2026.

Date: 03/10/2026 By: *S/ Leticia C. Chavez-Freed*
Leticia C. Chavez-Freed, Esq.
Counsel for Plaintiff

Date: 03/10/2026 By: *S/Andrew W. Norfleet*
Andrew W. Norfleet, Esquire
Counsel for The Harrisburg Bureau of Police/ City of Harrisburg and Officer Restrepo.

Date: 03/10/2026 By: *S/Christopher P. Gerber*
Christopher P. Gerber, Esquire
Counsel for Defendant Officer Howell

9

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Travis Watkins, | : |
|         Plaintiff | : |
| | :     Civil Action No. 1:25-cv-00495 |
|      v. | : |
| | :     **JURY TRIAL DEMANDED** |
| Police Officer Marc Howell, | : |
| Police Officer Esteban Restrepo, | : |
|  Harrisburg Police Department | : |
| Officer John Doe #1, Officer John | : |
| Doe #2, | : |
|         Defendants | : |

## __AGREEMENT__

I hereby acknowledge that I will be given access to Confidential Documents so designated in this case, and I understand that such information is subject to a Confidentiality Stipulation and Protective Agreement between Plaintiff and counsel for the parties, and that I further acknowledge:

1.     I have read the Confidentiality Stipulation and Protective Agreement;

2.     I have been advised by counsel in this case that my access to the Confidential Documents is conditional upon my agreement to be bound by the Confidentiality Stipulation and Protective Agreement; and

3.     I hereby agree to be legally bound by the terms of the Confidentiality Stipulation and Protective Agreement and any Order of Court issued incidental to it.

11

Signature
_____

Name
_____

_____

Address

Role in this case _____

_____

_____

12