IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRAVIS WATKINS, | : | Civil No. 1:25-CV-00495 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MARC HOWELL, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## <u>ORDER</u>

Pending before the court is a discovery dispute between Plaintiff and

Defendant Marc Howell ("Howell") and non-party Harrisburg Bureau of Police

("HBP").  Initially, the dispute centered on three categories of documents that

Plaintiff requested from HBP via subpoena: (1) HBP's OC-Spray Policy; (2)

certain body-worn camera footage; and (3) the respective Internal Affairs files of

Howell and co-defendant Esteban Restrepo (collectively, "Defendants").  On

January 28, 2026, during a telephonic discovery-dispute conference, HBP

informed the court that it would produce the OC-Spray Policy once the parties

executed a confidentiality agreement.  (Doc. 31, ¶ 2.)  It also agreed it would

produce the body-worn camera footage with limited redactions.  (*Id.* ¶ 3.)  The

court determined that no further intervention was necessary with respect to these

materials.

1

Further motion practice was necessary to resolve the dispute concerning the Internal Affairs documents.  So the court granted leave for HBP and Defendants to file motions to prevent disclosure of those documents.  (*Id.* ¶ 4.)  On February 9, 2026, Howell filed a motion for protective order, Doc. 32, and HBP filed a motion to quash, Doc. 33.  Those motions are now ripe.  (*See* Docs. 34, 36, 39, 43.)

On March 10, 2026, the parties filed a stipulation and protective agreement. (Doc. 44.)  Therein, the parties stipulated that "the items identified on the Privilege Log and . . . the video from the Body Worn Camera of the named Defendants related to Plaintiff's arrest shall be hereinafter referred to collectively as 'Confidential Documents.'"  (Doc. 44, p. 2.)[1]  The parties further agreed that the Confidential Documents would be produced.  (*Id.* at 3.)

It is ambiguous whether this agreement moots both Howell's and HBP's pending motions.  The court is unsure whether the Internal Affairs documents are included in the Privilege Log or otherwise included in the definition of "Confidential Documents."  There is reason to believe they are.  Howell and HBP argue those documents are protected by the deliberative-process privilege.  (Doc. 34, pp. 13–19; Doc. 36, pp. 8–10.)  Moreover, the parties entered the stipulation, at least in part, "[t]o resolve disputes over the production of the records listed in the Privilege Log as well as Internal Affairs documents and Body Worn Camera

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

footage from the named Defendants related to the Plaintiff's arrest." (Doc. 44, p. 2.)

**AND NOW**, on this 13th day of March, 2026, to resolve the ambiguity detailed above, **IT IS ORDERED THAT** Howell and HBP shall each file a notice explaining whether or not the above-referenced confidentiality agreement moots their pending motions. (Docs. 32 & 33.) They shall file their notices **by March 20, 2026**.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania
